UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

RODNEY DURHAM and ARNOLD
FRIEDMAN, individually and on behalf
of all others similarly situated,

    Plaintiffs,

v.                                                 Case No. 2:06-CV-687-UA-DNF

WHITNEY INFORMATION NETWORK,
INC., et al.,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court Defendants Whitney Information Network, Inc., Russell A. Whitney, Ronald S. Simon, Alfred R. Novas, John F. Kane, and Nicholas S. Maturo's Motion to Dismiss (Dkt. 51), Defendant Ehrhardt Keefe Steiner & Hottman PC's Motion to Dismiss (Dkt. 78), and Plaintiff's Memorandums in Opposition to each (Dkts. 68 and 86). The Court, having considered the motions, responses and memoranda, and being otherwise advised in the premises determines that Defendants' Motions should be denied.

**Background**

Plaintiff filed a Consolidated Amended Class Action Complaint (Dkt. 34) alleging violations of Section 10(b) of the Securities and Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. 78(a) et seq., and Rule 10b-5 of the Rules Promulgated thereunder against all of

the Defendants and violations of Section 20(a) of the Exchange Act against the individual Defendants.

In response to the Amended Complaint, Defendants Whitney Information Network, Inc., Russell A. Whitney, Ronald S. Simon, Alfred R. Novas, John F. Kane, and Nicholas S. Maturo (" the WIN defendants") filed an almost 50 page Motion to Dismiss (Dkts. 50 and 51) with an Appendix of approximately 500 pages (Dkt. 53) and later filed two Notices of Supplemental Authority (Dkts. 87 and 92). Plaintiff responded to the Motion in a Memorandum in Opposition with 245 pages of Exhibits (Dkt. 66), an Amended Memorandum in Opposition (Dkt. 68), and its own Notice of Supplemental Authority in Support of Its Opposition to the Motion to Dismiss and Response to Defendants' Supplemental Authority with exhibits (Dkt. 88). Defendant Ehrhardt Keefe Steiner & Hottman PC ("EKSH") filed a separate Motion to Dismiss (Dkt. 78), a Notice of Omitted Exhibit (Dkt. 83), and a Supplement to its Motion to Dismiss (Dkt. 85). Plaintiff responded to EKSH's filings with a Memorandum in Opposition(Dkt. 86).

**Pleading Requirements for Claims of Securities Fraud**

Generally, Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain only "a short and plain statement of the claim showing the pleader is entitled to relief." However, when a complaint alleges securities fraud, as is the case here, Rule 9(b) and the Private Securities Litigation Reform Act, 15 U.S.C. §78u-4(b) ("PSLRA") adds a heightened pleading requirement. Under Rule 9(b) and the PSLRA claims of fraud must be stated with particularity. Thus, "in a complaint subject to Rule 9(b)'s particularity requirement, plaintiffs

retain the dual burden of providing sufficient particularity as to the fraud while maintaining a sense of brevity and clarity in the drafting of the claim, in accord with Rule 8." Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1278 (11th Cir. 2006).

**Discussion**

First, the Complaint here is a typical shotgun pleading, in which each count incorporates by reference all preceding paragraphs of the complaint. The Eleventh Circuit has repeatedly held that shotgun pleadings are unacceptable. See Id. at 1279 ("shotgun pleadings wreak havoc on the judicial system"), quoting Byrne v. Nezhat, 261 F.3d 1075, 1130 (11th Cir. 2001); see also Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997) ("shotgun complaints of the sort filed in these cases are altogether unacceptable"). In this situation, the district court has the power to strike the complaint sua sponte and instruct counsel to replead. Wagner at 1279.

The failures of the present Complaint, however, go beyond shotgun pleading. The Complaint is 112 pages containing 210 paragraphs. The first count begins with paragraph 197 on page 106 of the complaint. Each of the two counts "repeats and realleges each and every allegation contained" in the preceding pages. The complaint also fails to sufficiently connect the elements of the claims to the 196 paragraphs of facts preceding them. See Wagner at 1278-1279.

In Wagner, the district court dismissed a securities fraud claim for failure to state a claim under Fed. R. Civ. P. 12(b)(6) because the plaintiffs failed "to link their specific allegata to the causes of action pled in their complaint." Id. Similar to the instant Complaint,

retain the dual burden of providing sufficient particularity as to the fraud while maintaining a sense of brevity and clarity in the drafting of the claim, in accord with Rule 8." Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1278 (11th Cir. 2006).

**Discussion**

First, the Complaint here is a typical shotgun pleading, in which each count incorporates by reference all preceding paragraphs of the complaint. The Eleventh Circuit has repeatedly held that shotgun pleadings are unacceptable. See Id. at 1279 ("shotgun pleadings wreak havoc on the judicial system"), quoting Byrne v. Nezhat, 261 F.3d 1075, 1130 (11th Cir. 2001); see also Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997) ("shotgun complaints of the sort filed in these cases are altogether unacceptable"). In this situation, the district court has the power to strike the complaint sua sponte and instruct counsel to replead. Wagner at 1279.

The failures of the present Complaint, however, go beyond shotgun pleading. The Complaint is 112 pages containing 210 paragraphs. The first count begins with paragraph 197 on page 106 of the complaint. Each of the two counts "repeats and realleges each and every allegation contained" in the preceding pages. The complaint also fails to sufficiently connect the elements of the claims to the 196 paragraphs of facts preceding them. See Wagner at 1278-1279.

In Wagner, the district court dismissed a securities fraud claim for failure to state a claim under Fed. R. Civ. P. 12(b)(6) because the plaintiffs failed "to link their specific allegata to the causes of action pled in their complaint." Id. Similar to the instant Complaint,

the complaint in Wagner contained 175 paragraphs of factual allegations followed by "generally pled" claims. Id. at 1279. Moreover, the counts in the Wagner complaint incorporated by reference all preceding paragraphs, rather than specifying which facts supported each element of the claims. Id. The Eleventh Circuit agreed with the district court that the complaint the lack of connection between the factual allegations and the substantive claims was a problem that required action by the district court. Id. However, the circuit court vacated the district court's order granting the motion to dismiss noting that dismissal was not the appropriate remedy at that stage of the proceeding. Id. at 1280. "It is not that we know that plaintiffs cannot state a claim but rather that we do not know whether they have." Id. The circuit court remanded the case and instructed the district court to order repleading. Id.

Here, the Court faces a similar problem. While Plaintiff's Complaint is very long and very detailed, Plaintiff fails to connect the relevant facts to the elements of each claim. Therefore, the Court is unable to determine if Plaintiff has stated a claim with the requisite particularity required by Rule 9(a) and the PSLRA.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants Whitney Information Network, Inc., Russell A. Whitney, Ronald S. Simon, Alfred R. Novas, John F. Kane, and Nicholas S. Maturo's Motion to Dismiss Plaintiff's Consolidated Amended Class Action Complaint (Dkt. 50) is **DENIED**.

2. Defendant Ehrhardt Keefe Steiner & Hottman PC's Motion to Dismiss the Amended Complaint (Dkt. 78) is **DENIED**.

3. The Amended Complaint (Dkt. 34) is hereby **STRIKEN**. Plaintiff may file an amended complaint within twenty (20) days of the date of this Order.

4. Defendants may refile their Motions to Dismiss after Plaintiff has amended the Complaint.

**DONE** and **ORDERED** in Tampa, Florida on November 17, 2008.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

.
**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2006\06-cv-687.order repleading (ft. myers).wpd