# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

| | |
|---|---|
| RODNEY DURHAM and ARNOLD FRIEDMAN, Individually And On Behalf of All Others Similarly Situated,<br><br>  Plaintiffs,<br><br>vs.<br><br>WHITNEY INFORMATION NETWORK, INC., RUSSELL A. WHITNEY, RONALD S. SIMON, ALFRED R. NOVAS, JOHN F. KANE, NICHOLAS S. MATURO, RANCE MASHECK and EHRHART KEEFE STEINER & HOTTMAN PC,<br><br>  Defendants. | CASE NO. 2:06-cv-00687-MMH-DNF |

### DEFENDANTS' REPLY TO LEAD PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT FILED ON DECEMBER 8, 2008

Defendants Whitney Information Network, Inc. (the "Company"), Russell A. Whitney, Ronald S. Simon, Alfred R. Novas, John F. Kane, and Nicholas S. Maturo (the "Individual Defendants;" collectively with the Company, the "Defendants") respectfully submit this reply memorandum in support of their Motion to Dismiss the Consolidated Amended Class Action Complaint Filed on December 8, 2008 (the "Motion to Dismiss"). Pursuant to the Court's order dated April 9, 2009, this reply shall be limited to addressing the amended annual report (Form 10-K/A) filed by the Company on January 15, 2009 (the "Amended Annual Report").

**INTRODUCTION**

In his Opposition to the Motion to Dismiss, Lead Plaintiff Arnold Friedman ("Plaintiff") suggests that the Amended Annual Report, despite being filed over two years *after* the putative class period ended, "contribute[s] to a strong inference of scienter" based on certain limited financial restatements and previously disclosed investigations and lawsuits. Opp., at 22-23. However, Plaintiff fails to mention that the restatements in the Amended Annual Report do not relate to any of the misstatements or omissions alleged in the Second Amended Complaint or that the investigations and lawsuits have uniformly failed to result in findings of liability or wrongdoing on the part of Defendants.

Plaintiff's reliance on the Amended Annual Report is simply another example of his repeated unfounded attempts to cast *any* disclosure — no matter how innocuous or far removed from the allegations of the Second Amended Complaint — as somehow demonstrating scienter on the part of Defendants. This is thematic to Plaintiff's allegations since the outset of these proceedings: seizing upon any disclosure of information that Plaintiff perceives to be suspicious and then "reverse engineering" a theory that Defendants engaged in fraud. At bottom, however, neither the Amended Annual Report nor any of the other grounds alleged in the Second Amended Complaint is sufficient to give rise to the strong inference of scienter that the PSLRA demands. Accordingly, Defendants respectfully request that this Court disregard the Amended Annual Report as a basis for scienter and dismiss the Second Amended Complaint with prejudice for the reasons stated in the Motion to Dismiss.

I.   **The Restatements in the Amended Annual Report Cannot Support a Strong Inference of Scienter**

In the Amended Annual Report, the Company (i) corrects errors in the accounting treatment of certain acquisitions and in the calculation of depreciation for intangible assets and property, plant, and equipment, inventory balances, and accounts payable invoices, and (ii) amends its disclosures with respect to executive compensation and related party transactions. Supp. App., Tab 18, at 4.[1]

Although the Second Amended Complaint makes generic allegations about the Company's deferred revenue accounting, chargeback levels, and business model, Plaintiff nowhere claims impropriety in the Company's accounting treatment of the foregoing items or in its executive compensation or related party transaction policies. Unrelated disclosures made over two years after the class period simply cannot shed light on whether Defendants acted with an "intent to deceive, manipulate, or defraud" or "severe recklessness" at the time of the purported misrepresentations and omissions. *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1238 (11th Cir. 2008).

In any event, the restatements in the Amended Annual Report are hardly the hallmarks of intentional or severely reckless fraudulent activity, considering that they effected no change in the Company's reported revenues and resulted in an overall *upward* revision in reported earnings for the years 2002-2006. *See* Supp. App., Tab 18,

---

[1] "Supp. App., Tab 18" refers to Tab 18 of the Supplemental Appendix filed in connection with this reply memorandum. The Supplemental Appendix continues the numbering from the original Appendix and, therefore, begins with Tab 18.

at 4-5.[2]  As such, these unrelated and largely immaterial disclosures cannot support or even lend any weight to the strong inference of scienter that the PSLRA demands.

II. **The Investigations and Legal Actions Identified by Plaintiff Cannot Give Rise to a Strong Inference of Scienter**

Plaintiff also suggests that the Amended Annual Report demonstrates scienter because it contains information on a number of previously disclosed investigations and lawsuits.  *See* Opp., at 23.  However, Plaintiff conveniently disregards the fact that ***none*** of these investigations and lawsuits has resulted in a finding of liability or wrongdoing on the part of the Company or any Individual Defendant.  Absent such a finding, the mere commencement of investigations and unproved allegations in lawsuits do nothing to show that Defendants acted with scienter in connection with the alleged fraud.

This is especially true of the specific investigations and lawsuits referenced in the Opposition.  Two of these "investigations," the Wisconsin and Kansas subpoenas, appear to have been nothing more than routine requests for information and resulted in no further action from regulatory authorities after the initial requests.  *See* Supp. App., Tab 18, at 15.  Five of the six remaining investigations and lawsuits are either unrelated to the allegations of the Second Amended Complaint[3] or were commenced well after the class

---

[2]  The restatements had the following impact on the Company's comprehensive earnings as reported on its income statements: (i) 2006 — increase of $546,000; (ii) 2005 — increase of $345,000; (iii) 2004 — increase of $97,000; (iv) 2003 — decrease of $44,000; and (v) 2002 — decrease of $175,000.  Accordingly, the net effect of the restatements during this period was an increase of $769,000 in reported earnings.

[3]  The second item identified by Plaintiff is a lawsuit filed against Russell Whitney and John Kane based on certain related party transactions; the third item is a lawsuit brought by the Indiana Attorney General based on business registration requirements.  Neither of these issues relates to Plaintiff's allegations that Defendants

period,[4] rendering them irrelevant for scienter purposes. The sole remaining item identified by Plaintiff is an investigation by the Florida Attorney General of approximately fifty consumer complaints from across the country during 2002-2005 — an average of thirteen per year or one per 21,000 students — that was concluded in January 2008 when the Company entered into an Assurance of Voluntary Compliance without a finding of liability or an admission of wrongdoing. *See* Supp. App., Tab 18, at 14; Tab 19, at 2. Again, the mere commencement of a routine inquiry regarding an exceedingly small number of complaints hardly demonstrates that Defendants engaged in an intentional or severely reckless fraudulent scheme.

As was the case with the restatements discussed in Part I, *supra*, Plaintiff's reliance on the foregoing investigations and legal actions is simply another attempt to cobble together unrelated disclosures in an effort to fabricate a vague theory of fraud based on what Plaintiff broadly perceives to be a "sham" business model and a "lack of internal controls." These efforts fall far short of what the PSLRA demands and, therefore, require that the Second Amended Complaint be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, and the reasons stated in the Motion to Dismiss, Defendants respectfully request that this Court dismiss the Second Amended Complaint with prejudice and grant such other and further relief as it deems just and proper.

---

misled investors with respect to the Company's deferred revenue accounting, chargeback levels, or business model.

[4] The sixth, seventh, and eighth items identified by Plaintiff are private party lawsuits filed in 2007.

Respectfully submitted,

| | |
|---|---|
| **AKERMAN SENTERFITT**<br>One Southeast Third Avenue, 25th Floor<br>Miami, Florida  33131<br>Tel:  (305) 374-5600<br>Fax:  (305) 374-5095<br><br>By: /s/ Samantha J. Kavanaugh<br>   Brian P. Miller, Esq.<br>   Florida Bar No. 0980633<br>   brian.miller@akerman.com<br>   Samantha J. Kavanaugh, Esq.<br>   Florida Bar No. 0194662<br>   samantha.kavanaugh@akerman.com<br>*Attorneys for Defendants Whitney Information Network, Inc., Alfred R. Novas and  John F. Kane* | **JOHN C. DOTTERRER<br>COUNSELORS AT LAW, P.A.**<br>125 Worth Avenue, Suite 310<br>Palm Beach, FL 33480<br>Tel: (561) 802-3808<br>Fax: (561) 802-3318<br><br>By: /s/ John C. Dotterrer (by SJK with express permission)<br>   John C. Dotterrer, Esq.<br>   Florida Bar No. 267260<br>   dottj@dottlaw.com<br>*Attorneys for Defendant Ronald S. Simon* |
| **HOLLAND & KNIGHT LLP**<br>701 Brickell Avenue, Suite 3000<br>Miami, Florida  33131<br>Tel:  305-374-8500<br>Fax:  305-789-7799<br><br>By: /s/ Tracy Nichols (by SJK with express permission)<br>   Tracy Nichols, Esq.<br>   Florida Bar No. 0454567<br>   tracy.nichols@hklaw.com<br>   Louise McAlpin, Esq.<br>   Florida Bar No. 983810<br>   louise.mcalpin@hklaw.com<br>*Attorneys for Defendant Nicholas S. Maturo* | **ZUCKERMAN SPAEDER LLP**<br>101 E. Kennedy Boulevard, Suite 1200<br>Tampa, FL  33602<br>Phone:  (813) 221-1010<br>Fax:  (813) 223-7961<br><br>By: /s/ Morris Weinberg (by SJK with express permission)<br>   Morris Weinberg, Jr., Esq.<br>   Florida Bar No. 0486401<br>   sweinberg@zuckerman.com<br>   Nathan M. Berman, Esq.<br>   Florida Bar No. 0329230<br>   nberman@zuckerman.com<br>*Attorneys for Defendant Russell A. Whitney* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 14, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

/s/ Samantha J. Kavanaugh