UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

ARNOLD FRIEDMAN, individually and
on behalf of all others similarly situated,
      Plaintiffs,                         Case No. 2:06-cv-00687 FtM-34 DNF

v.

WHITNEY INFORMATION NETWORK INC.,
RUSSELL A WHITNEY, RONALD S. SIMON,
ALFRED R. NOVAS, JOHN F. KANE,
NICHOLAS S. MATURO, RANCE MASHECK,
and EHRHARDT KEEFE STEINER &
HOTTMAN PC,
             Defendants.
_____

## DEFENDANT EKS&H'S REPLY BRIEF IN RESPONSE TO PLAINTIFF'S REVISED OPPOSITION MEMORANDUM IN RESPONSE TO MOTION TO DISMISS

Defendant Ehrhardt Keefe Steiner & Hottman PC ("EKS&H"), pursuant to this

Court's order dated May 28, 2009 [Dkt.128] submits this Reply Brief in Response to

Plaintiff's Revised Opposition Memorandum [Dkt.120], in Response to EKS&H's Motion to

Dismiss Plaintiff's Second Amended Complaint ("EKS&H's Motion to Dismiss") [Dkt.103].

    1.  At page 11 of the Revised Opposition Brief, Plaintiff states:

> EKS&H submitted Independent Auditors Reports in connection with the
> Company's SEC filings. ¶13. [1]  In an analogous context where corporate
> executives signed Sarbanes-Oxley certifications, courts have imputed
> scienter.  *See, In re Proquest Secs. Litig.,* 527 F. Supp.2d 728, 743 (E.D.
> Mich. 2007) (Cohn, J.) (citing *Howard v. Everex Systems Inc.* 228 F.3d 1057,
> 1061 (9th Cir. 2000) and *In re Lattice Semiconductor Corp. Sec. Litig.,* 2006
> U.S. Dist. Lexis 262, 2006 WL 538756, *17-*18 (D. Or. Jan. 3, 2006).
> EKS&H, as with certifying executives, should be held to its opinion that the
> Company's financial statements fairly presented Whitney's financial position
> and complied with GAAP when (a) in fact, the Company had not and had
> failed to comply with GAAP and (b) EKS&H appended its report along with
> the Company's SEC filings.

---

[1] Reference is to Plaintiff's Second Amended Complaint filed on December 8, 2008 [Dkt.96].

LAW OFFICES OF
# SLK
STEPHENS LYNN KLEIN
LA CAVA & PUYA, P.A.

Case No. 2:06-cv-00687 FtM-34 DNF--Page 2

2.   None of these cases was cited in Plaintiff's prior Opposition to EKS&H's Motion to

Dismiss filed on March 13, 2009 [Dkt.107] ("Prior Opposition") and the argument that an auditor

signing an audit opinion letter is somehow analogous to an officer signing a Sarbanes-Oxley

("SOX") certification was not originally made in Plaintiff's Prior Opposition.[2]

3.   The notion that an auditor signing an opinion letter is analogous with an officer

signing a SOX certification is not supported in fact or in law, and Plaintiff cites no case law,

statute, rule, PCAOB[3] standard, other auditing standard, or any other legal authority making

such a giant leap in support of this novel theory.  The certifications required by section 302 of

the Sarbanes-Oxley Act of 2002 require a public company's principal executive and financial

officers to certify that: (1) *based on the officers' knowledge*, the report does not contain any

untrue statements or omits to state any material fact; (2) *based on the officers' knowledge*, the

financial statements fairly present the financial condition, results of operations, and cash flows

of the company; (3) the signing officer and other officers of the company  are responsible for

disclosure controls and internal controls over financial reporting, and have designed, evaluated,

and disclosed the effectiveness of such controls, and any material weaknesses in such

controls; and (4) the signing officer and other officers have *disclosed to the Auditors, (a) all*

*significant material weaknesses and deficiencies in the Company's  internal controls over*

*financial reporting, and (b) any fraud, whether or not material, involving employees involved in*

*the Company's financial reporting.*   The added certifications required by section 906 of the

---

[2] At page 2 of the Opposition to EKS&H's Motion for leave to file Reply Brief [Dkt. No. 127], Plaintiff incorrectly states that this argument was made in Plaintiff's Prior Opposition to the Company and Individual Defendants' Motion to Dismiss, as EKS&H had incorporated by reference the arguments made by the company.  While EKS&H did in fact incorporate those arguments as they applied to EKS&H, never in any of the previous filings did any party argue that an auditor signing an opinion letter is the equivalent of an officer or director signing a SOX certification.
[3] Public Company Accounting Oversight Board

LAW OFFICES OF

**SLK**

STEPHENS LYNN KLEIN
LA CAVA & PUYA, P.A.

Case No. 2:06-cv-00687 FtM-34 DNF--Page 3

Sarbanes-Oxley Act provide for criminal penalties in certain circumstances involving knowingly or willfully false certifications.  SOX certifications are statements of fact, not opinions.

4.  On the other hand, when signing an audit opinion, an auditor bases his *opinion* on the financial statements prepared by the company, which, are the responsibility of management.  The auditor's responsibility is to plan and perform an audit of these financial statements in accordance with the standards established by the PCAOB, which is done by performing various established tests and procedures in order to obtain reasonable assurances that the financial statements of the company are free from material misstatements.  Under the PCABO standards in effect at the time of the audit, an auditor was not required to provide an opinion on the effectiveness of internal controls.  No certifications are based, or are required to be based, on an auditor's personal knowledge.  Rather, the audit includes examinations, performed on a test basis, to test evidence supporting the amounts disclosed in the Company's financial statements.  The audit also includes an assessment of the accounting principles used by management, as well as management's significant estimates, and an overall evaluation of the presentations of the Company's financial statements.  An opinion signed by an auditor is just that – *an opinion*—that based upon the auditor's objective examinations and tests performed in accordance with certain   PCAOB procedures, the Company's financial statements present fairly the Company's financial conditions, results of operations and cash flows for the particular years in question.

5.  Thus, the two situations – an officer signing a SOX certification, and an auditor signing an opinion – are far from analogous:  the only similarities are that they both happen to involve people or firms signing their names regarding matters involving a public company's

LAW OFFICES OF

# SLK

STEPHENS LYNN KLEIN
LA CAVA & PUYA, P.A.

Case No. 2:06-cv-00687 FtM-34 DNF--Page 4

financial statements. Indeed, the notion that scienter can be imputed to an auditor merely by signing an opinion flies directly in the face of the PSLRA and the abundance of case law establishing standards for pleading scienter in a securities fraud action. As discussed in EKS&H's Motion to Dismiss, it is well established that mere violations of GAAP and GAAS do not establish scienter.[4] In each of these cases asserting securities fraud claims against the company's auditors, the auditor necessarily signed an opinion letter. If this Court accepted Plaintiff's theory, then a plaintiff would never have to specifically allege fraudulent intent or severe recklessness on the part of an auditor who signed an opinion, and the PSLRA, together with all of the case law holding that mere violations of GAAP and GAAS are insufficient to establish scienter would be rendered meaningless. In Plaintiff's eyes, the mere fact of signing an opinion is sufficient to meet the heightened standard required by the PSLRA. This is contrary to the well established law – and no court has ever gone so far to hold such a preposterous result.

6.    While EKS&H is mindful of this Court's holding in *Proquest, supra*, (noting reliance on the District of Oregon's reasoning in *Lattice Semiconductor Sec. Lit., supra* at *17-*18, and also citing *Howard v. Everex Systems, supra* at 1061), for the proposition that SOX certifications give rise to an inference of scienter (on the part of a corporate officer),[5] the Eleventh Circuit has consistently held that SOX certifications, without other evidence of severe

---

[4] See, case law cited in EKS&H's Motion to dismiss, pp. 8-14, including but not limited to *In re Sunterra Securities Litigation*, 199 F.Supp.2d 1308, 1333 (M.D. Fla. 2002); *In Re Faro Technologies Securities Litigation*, 534 F.Supp.2d 1248, 1266 (M.D. Fla. 2007); *Ziemba v. Cascade International, Inc.*, 256 F.3d 1194, 1208-09 (11th Cir. 2001); *In re Recoton Corp. Sec. Litig.*, 358 F.Supp.2d 1130, 1147 (M.D. Fla. 2005); *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1267-70 (11th Cir. 2006); *Public Employees' Retirement Association of Colorado v. Deloitte & Touche, LLP*, 551 F.3d 305, 314-15 (4th Cir. 2009); *In re Spear &Jackson Sec. Litig.*, 399 F.Supp.2d 1350, 1363 (M.D. Fla. 2002).

[5] *Proquest* did not involve claims against an auditor, but rather only involved claims against the Company's officers and directors for alleged misstatements and omissions in the Company's financial statements.

LAW OFFICES OF



**SLK**
STEPHENS LYNN KLEIN
LA CAVA & PUYA, P.A.

Case No. 2:06-cv-00687 FtM-34 DNF--Page 5

recklessness on the part of the certifying officer, do not establish scienter. *Garfield v. NDC,*

*supra* at 1266-67; *Mizzaro v. Home Depot Inc.,* 544 F.3d 1230, 1255-56 (11th Cir. 2008). In

addition, since this Court's decision in *Proquest,* the Sixth Circuit has adopted the Eleventh

Circuit's holding in *Garfield, supra.*[6] Also since *Proquest,* the Ninth Circuit published its opinion

in *Glazer Capital Management, LC   v. Magistri,* 549 F.3d 736, 747-48 (9th Cir. 2008); *accord,*

*Zucco Partners, LLC v. Digimarc, Corp.*, 552 F.3d 981, 1003-1004 (9th Cir. 2009), essentially

disagreeing with the Oregon District Court's analysis in *Lattice Semiconductor,* adopting the

Eleventh Circuit's holding in *Garfield*, and establishing the rule in the Ninth Circuit that

"Sarbanes-Oxley certifications, are not sufficient, without more, to raise a strong inference of

scienter" on the part of a corporate officer. *Glazer, supra* at 747.

7.  In conclusion, there is a huge difference between a corporate officer certifying facts

based on personal knowledge that a company's financial statements are true and accurate, and

that publicly filed reports are free from material misstatements and omissions; as compared

to an auditor expressing an opinion that, based on procedures performed in accordance with

certain auditing standards, the auditor has reasonable assurances that management's financial

statements fairly present the financial condition of the company.  Moreover, the well-established

law in the Eleventh Circuit is that mere signing of any SOX certifications, without other strong

evidence of severe recklessness, is insufficient to plead scienter under the PSLRA.  Because

there are no allegations in the Second Amended Complaint evidencing a strong inference of

scienter on the part of EKS&H, this action should be dismissed as to EKS&H.

Respectfully submitted,

---

[6] *See,  Ley v. Vistion Corp.*, 543 F.3d 801, 812 (6th Cir. 2008)

LAW OFFICES OF

# SLK

STEPHENS LYNN KLEIN
LA CAVA & PUYA, P.A.

Case No. 2:06-cv-00687 FtM-34 DNF--Page 6

STEPHENS LYNN KLEIN
LACAVA HOFFMAN & PUYA, P.A.
Attorneys for Defendant
Ehrhardt Keefe Steiner & Hottman P.C.


s _____
Robert M. Klein, Florida Bar ##230022
Sherryll Martens Dunaj, Florida Bar #136707
Two Datran Center, Penthouse II
9130 S. Dadeland Blvd.
Miami, FL  33156
Phone: (303) 670-3700 Fax:  303-670-8592
kleinr@stephenslynn.com
dunajs@stephenslynn.com

LAW OFFICES OF

**SLK**

STEPHENS LYNN KLEIN
LA CAVA & PUYA, P.A.

Case No. 2:06-cv-00687 FtM-34 DNF--Page 7

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2009, the foregoing was filed with the clerk of the court and served on the following by using the CM/ECF system:


Michael A. Swick, Esq.
Kim E. Miller, Esq.
Kahn Gauthier Swick, LLC
114 East 39th Street
New York, NY  10016
kim.miller@kgscounsel.com

Maya Saxena, Esq.
Joseph E. White, III, Esq.
Saxena White P.A.
2424 N. Federal Highway, Suite 257
Boca Raton, FL  33431
msaxena@saxenawhite.com
jwhite@saxenawhite.com

Brian P. Miller, Esq.
Samantha J. Kavanaugh, Esq.
Akerman Senterfitt
One Southeast Third Avenue, 25th Floor
Miami, FL  33131
brian.miller@akerman.com
samantha.kavanaugh@akerman.com

Tracy A. Nichols, Esq.
Mara D. Aronson, Esq.
Holland & Knight, LLP
701 Brickell Avenue, Suite 3000
P.O. Box 015441
Miami, FL  33131-5441
tracy.nichols@hklaw.com
mara.aronson@hklaw.com

Morris Weinberg, Jr., Esq.
Nathan M. Berman, Esq.
Zuckerman Spaeder LLP
101 E. Kennedy Blvd., Suite 1200
Tampa, FL  33602
sweinberg@zuckerman.com

LAW OFFICES OF
**SLK**
STEPHENS LYNN KLEIN
LA CAVA & PUYA, P.A.

Case No. 2:06-cv-00687 FtM-34 DNF--Page 8

nberman@zuckerman.com

John C. Dotterrer, Esq.
John C. Dotterrer Counsellors at Law, P.A.
125 Worth Avenue, Suite 310
Palm Beach, FL  33480
dottj@dottlaw.com

Richard Brualdi, Esq.
The Brualdi Law Firm
29 Broadway, Suite 1515
New York, NY  10006
rbrualdi@brualdilawfirm.com

Paul Balanon, Esq.
Kahn Gauthier Swick, LLC
650 Poydras Street, Suite 2150
New Orleans, LA  70130
paul.balanon@kgscounsel.com


I further certify that the foregoing document and the notice of electronic filing were served on the following non-CM/ECF participants by first class U.S. mail:

Lewis S. Kahn, Esq.
Kahn Gauthier Swick, LLC
650 Poydras Street, Suite 2150
New Orleans, LA  70130

David Krakoff, Esq.
Alex Lakatos, Esq.
Mayer Brown LLP
1909 K Street, NW
Washington, D.C.  20006

James Doty, Esq.
Mary Spearing, Esq.
Baker Botts LLP
1299 Pennsylvania Ave., NW
Washington, D.C.  20004

S/_____
                    Sherryll Martens Dunaj



LAW OFFICES OF
# SLK
STEPHENS LYNN KLEIN
LA CAVA & PUYA, P.A.